PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of an encounter with a hole while traveling northbound on Route 2 from Point Pleasant, which is a road maintained by respondent in Mason County. The Court is of the opinion to make an award for the reasons more fully stated below.
The incident giving rise to this claim occurred on February 27, 1998, at *32 approximately 1:00 p.m. Claimant is a member of the United States Air Force and is stationed in Dayton, Ohio, at Wright-Patterson Air Force Base. Following work, claimant was traveling northbound on Route 2 in Mason County in order to go home for the weekend. The location in question is twelve miles off Route 33 on Route 2 between Ripley and Point Pleasant. Route 2 is two-lane road that is sixteen feet wide. Apparently, the hole on the right berm of the road had eroded part of the road beyond the white line, into the paved portion of the highway. The hole was approximately four inches wide and six to eight inches deep.
The day in question was clear and there was no oncoming traffic on Route 2 in Mason County. Claimant was traveling fifty miles per hour in a fifty-five miles per hour speed zone. Unfortunately, claimant’s vehicle hit a hole in the right edge of Route 2 in Mason County. Claimant did not know of the hole’s existence. The resulting damage to claimant’s 1998 Cavalier Z24 was two bursted tires, two bent wheel rims, inner fender damage and front-end alignment. The claimant’s loss totaled $1,426.21. Claimant had a deductible of $500.00 in his collision insurance coverage. However, if claimant turned in the accident to his insurance, his twenty percent discount for safe driving would be lost, which would further cost claimant $540.00.
Respondent denied prior knowledge of the hole in question. According to respondent’s daily records no work was ever done nor were there any further complaints made about this portion of Route 2 in Mason County. Further, respondent acknowledged that the road was regularly inspected. However, respondent did not know how long the eroded hole had been at this location.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
In the present case, the evidence established that respondent was at least on constructive notice about the hole. The Court is of the opinion that respondent did not take reasonable steps to ensure the safety of Route 2 in Mason County. Respondent should have been more vigilant. Consequently, there is sufficient evidence of negligence upon to base an award. Therefore, in view of the foregoing, the Court makes the following award to claimant which is limited to the deductible feature of his collision insurance.
Award of $500.00.